IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALOYSIUS THADDEUS HENRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:20-CV-830-WKW |
| | )                 [WO] |
| JEFFERSON S. DUNN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is Plaintiff's *pro se* motion for a temporary restraining order ("TRO").  (Doc. # 4.)  The motion is due to be denied.

In this lawsuit, docketed on October 13, 2020, Plaintiff, an inmate at Elmore Correctional Facility, sues eleven individuals and entities, making myriad constitutional complaints about his treatment in prison and the conditions of his confinement.  (Doc. # 2.)  Presently, Plaintiff has filed a motion for a TRO on a piece of toilet paper, asserting that on unspecified dates, he has been the victim of inmate-on-inmate assaults.  He also complains about the conditions of his confinement, including "sleeping in a room with 4 beds with rust, no running water, no tolet [sic], no sink or shower."  (Doc. # 4, at 2–3.)   He further contends that he is "under a constant threat[] of write-ups" in retaliation for his having filed a lawsuit. (Doc. # 4, at 2.) He asserts that he "need[s] a (TRO)" and "an injunction" to rectify these matters.  (Doc. # 4, at 3.)

A temporary restraining order may be issued without notice only if

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B).  Additionally, the elements that apply to a motion for preliminary injunction also govern the issuance of a TRO.  *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).  These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that [the movant's] own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999).  The movant bears the burden of establishing entitlement to a temporary restraining order.  *See Parker*, 275 F.3d at 1034.

To the extent that Plaintiff seeks an *ex parte* TRO, he fails to satisfy the requirements of Rule 65(b).  First, the allegations are not sworn or verified.  *See* Fed. R. Civ. P. 65(b)(1)(A).  Second, they are largely conclusory.  Overall, the record is bereft of "specific facts" that rise to the level of "immediate and irreparable injury." *Id.*  Third, there is no written certification of Plaintiff's efforts to provide notice to the offending individuals.  Fed. R. Civ. P. 65(b)(1)(B); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda*

2

*Cty.*, 415 U.S. 423, 438–39 (1974) ("The stringent restrictions imposed . . . by Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." (internal footnote omitted)).  In addition to these procedural shortcomings, Plaintiff has not demonstrated a substantial likelihood of success on the merits.  *See Tefel*, 180 F.3d at 1295.

Based on the foregoing, it is ORDERED that Plaintiff's *pro se* motion for a TRO (Doc. # 4) is DENIED.

Plaintiff is further DIRECTED not to submit filings on toilet paper.

DONE this 4th day of November, 2020.

/s/ W. Keith Watkins
_____
UNITED STATES DISTRICT JUDGE