IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALOYSIUS THADDEUS HENRY, ) | |
| #152683, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-830-WKW-KFP |
| ) | [WO] |
| JEFFERSON S. DUNN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.      INTRODUCTION**

This case is before the Court on a 42 U.S.C. § 1983 Complaint and Motion to Amend Complaint (Docs. 2, 9) filed by Aloysius Henry, a frequent federal litigant and indigent inmate incarcerated at Fountain Correctional Facility in Atmore, Alabama.[1] Upon consideration of the Motion to Amend (Doc. 9), it is ORDERED that the motion is GRANTED to the extent Henry asserts claims on behalf of himself. Further, the Magistrate Judge RECOMMENDS that the Complaint be dismissed without prejudice for the reasons set forth below.

Under 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal in forma pauperis if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

---

[1] When he initiated the Complaint, Henry was incarcerated at the Elmore Correctional Facility in Elmore, Alabama.

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] 28 U.S.C. § 1915(g). Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

## II.   DISCUSSION

Court records establish that Henry, while incarcerated or detained, has on at least three occasions had civil actions dismissed under 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim, or for asserting claims against defendants who are immune from suit.[3] The actions on which this Court relies in finding a § 1915(g) violation by Henry are (1) *Henry v. Marshall, et al.*, Case No. 2:05-CV-324-MHT-VPM (M.D. Ala. 2005) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)); (2) *Henry v. Pike County Commissioners, et al.*, Case No. 2:99-CV-516-WHA-VPM (M.D. Ala. 2000) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)); and (3) *Henry v. Ennis, et al.*, Case No. 2:98-

---

[2] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

[3] This Court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

CV-1146-MHT-VPM (M.D. Ala. 1998) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B).

Since Henry has in excess of three strikes, he may not proceed in forma pauperis in this case unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of ***present imminent danger*** indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013)) (emphasis added); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (holding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts contained in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action"); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate").

Here, Henry's Complaint and amendment assert numerous and unrelated claims that include challenges regarding the conditions of confinement at the Elmore Correctional Facility, past incidents of excessive force, the validity of disciplinary proceedings, a denial of access to courts, inadequate prison rehabilitative programs, overcrowding, inadequate security, inadequate medical facilities, and the validity of the conviction on which he is

3

incarcerated. *See* Docs. 2, 9. After careful review, and even construing all allegations in favor of Henry, his claims do not entitle him to avoid the bar of § 1915(g) because they do not allege or indicate he was "under imminent danger of serious physical injury" when he filed this cause of action. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed in forma pauperis must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (noting the imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (explaining that "[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred").

Based on the above, the Court concludes this case is due to be summarily dismissed without prejudice as Henry failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) (finding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he ***initiates*** the suit.") (emphasis in original); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

4

## III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 7) be DENIED.

2. This case be DISMISSED without prejudice for failure to pay the filing and administrative fees upon initiation of this case.

Further, it is

ORDERED that on or before **December 8, 2020**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of November, 2020.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE